Interim Hearing Date: August ___, 2015
Time:
Final Hearing Date: September 17, 2015
Time:  10:00 a.m.
Objection deadline on Final: Sept. 10, 2015
Hearing location: Syracuse, New York

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re: U-LOCK IT, L.L.C.

                                       Case No.: 15-31143
                                       Chapter 11

                        Debtor.
_____

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER:
(A) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL ON AN EMERGENCY BASIS, (B) GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 105, 361 AND 363 OF THE BANKRUPTCY CODE AND (C) SCHEDULING INTERIM AND FINAL HEARINGS FOR APPROVAL OF THE DEBTORS CONTINUED USE OF CASH COLLATERAL**

U-LOCK IT, L.L.C., Debtor and Debtor-in-Possession ("Debtor"), by its attorney, MAXSEN D. CHAMPION, ESQ., respectfully shows to the Court as follows:

**INTRODUCTION**

1. On July 30, 2015 (the "Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Code") with the United State Bankruptcy Court for the Northern District of New York (the "Court").

2. Since the Filing Date, the Debtor has been operating its business as a Debtor-in-Possession pursuant to Code §§ 1107 and 1108. Debtor's operation consists of self storage facilities, located in and around the Watertown area, and Debtor operates its business from the real property it leases from the owners located at 26106 U.S. Route 11,

Evans Mills, New York, 26842 Holbrook Road, Evans Mills, New York and 23315 State Route 342 Watertown, New York.   Walter VanTassel is the sole officer, sole shareholder and director of the Debtor, and Debtor has approximately four (4) additional employees. As of this date, no committee, trustee or examiner has been appointed in this case.

3. This motion is made pursuant to Code §§361 and 363 seeking Debtor's authority to use Cash Collateral (as defined herein).  Pursuant to Bankruptcy Rule 4001(b), the Debtor also seeks interim cash collateral use until this Court can conduct a final hearing in accordance with Federal Rules of Bankruptcy Procedure ("FRBP") 4001(b)(1) and 4001(b)(2).

## JURISDICTION

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory and rule-based predicates for the relief requested herein are sections 105, 361 and 363 of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy.

## STATEMENT PURSUANT TO RULE 4001(b)(1)(B)

8. The debtor provides the following summary of the material provisions of this motion pursuant to Bankruptcy Rule 4001(b)(1)(B):

    (a) the prepetition secured lender who has an interest in the cash collateral is HOME LOAN INVESTMENT BANK (hereinafter referred to as "HLIB);

(b) the debtor is seeking authorization to use Cash Collateral to pay employee wages and other ordinary course operating expenses as well as administrative expenses incurred in these Chapter 11 cases;

(c) the debtors are seeking emergency authorization to use cash collateral through the final hearing date to be set by the Court pursuant to the budget attached to the emergency order and continued use of Cash Collateral pursuant to future Budgets and Interim and Final Order;

(d) In order to adequately protect the prepetition secured lender's interest in the cash collateral, the debtor is proposed to grant HLIB a rollover lien in the prepetition collateral, subject to any and all carve outs.

## **THE DEBTORS PREPETITION SECURED INDEBTEDNESS**

9. On or about September 7, 2010 the debtor and HLIB entered into two (2) separate loan obligations:

a. Mortgage loan, loan #37023010682838A, which allegedly has $928,656.05 due and owing as of June 12, 2015 which is allegedly secured by the debtor's interest in all of the above referenced parcels of real property, including but not limited to the rents received by the debtor for the self storage units located thereon;

b. Construction loan, loan #37023010682838B, which allegedly has $929,235.25 due and owning as of June 12, 2015; which is allegedly secured by the debtor's interest in all of the above referenced parcels of real property, including but not limited to the rents received by the debtor for the self storage units located thereon;

10. To the extent that the aforementioned security interests are properly perfected, all of Debtor's cash on hand and to be collected from its customers may constitute proceeds of the Collateral and, therefore, may be cash collateral of these creditors within the meaning of Code §363(a)(the "Cash Collateral"). These creditors are entitled, pursuant to Code §§ 361 and 363(e), to adequate protection of his interest in the Collateral and the Cash

Collateral resulting from the use, sale or lease of the Collateral and Cash Collateral, and the imposition of the automatic stay.

## RELIEF REQUESTED

11. By this motion, Debtor seeks: (a) this Court's authorization, pursuant to Code §363 to use the Cash Collateral and, pursuant to Code §361 and 363(e), to provide adequate protection to these creditors with respect to any diminution in the value of their interest in the Collateral resulting from the use, sale or lease of the Collateral or the imposition of the automatic stay pursuant to Code §362(a); (b) a preliminary hearing ("Preliminary Hearing") to consider entry of an interim order pursuant to Bankruptcy Rule 4001 authorizing Debtor to use Cash Collateral; and (c) requests that a final hearing ("Final Hearing") to be held on September 17, 2015 which is later than fifteen (15) days after the filing of this application, as required pursuant to Bankruptcy Rule 4001(b)(2).

12. Pursuant to Bankruptcy Rule 4001(b)(2), the debtor requests that the hearing to consider entry of the Final Order approving the debtor's continued use of cash collateral be held no earlier than fifteen (15) days after the Petition date and has chosen this Court's September 17, 2015 Court calendar.

## BASIS FOR RELIEF

**a. The debtor has an immediate need for use of cash collateral**

13. The debtor has an urgent need to use cash collateral pending the interim and final hearings on this Motion. As of the petition date, the debtor has very little or no unencumbered cash that can be used to fund their business operations and pay operating expenses. Absent the ability to use cash collateral, the debtors will not be able to pay insurance, wages, utility charges, and other critical operating expenses.

14. If the debtors cannot obtain sufficient operating liquidity to meet their postpetition obligations on a timely basis, they will be forced to discontinue operations resulting in a permanent and irreplaceable loss of business, and therefore value, to the detriment of the debtor, and HLIB. This potential loss of revenue and going concern value would be extremely harmful at this critical juncture and could jeopardize the debtor's ability to effectively market and sell its assets in this Chapter 11 case.

### b. the interest of the prepetition lender is adequately protected

15. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may only use cash collateral with the consent of the secured party with an interest therein or Court approval.

16. Section 363(e) of the Bankruptcy Code provides that upon request of an entity that has an interest in cash collateral, the Court shall prohibit or condition such use of cash collateral as is necessary to provide adequate protection of such entity's interest.

17. Appropriate adequate protection is decided on a case-by-case basis. *See e.g. In re Snowshoe Co.,* 789 F.2d 1085, 1088 (4th Cir. 1986) *see also In re JKJ Chevrolet, Inc.,* 190 B.R. 542, 545 (Bankr.E.D. Va. 1995)(adequate protection is a flexible concept determined by considering the facts of each case)(*citing In re O'Connor,* 808 F.2d 1393, 1396-97 (10th Cir. 1987). Although adequate protection is not defined in the Bankruptcy Code, section 361 of the Bankruptcy Code provides the following three (3) non exclusive examples of what may constitute adequate protection:

> (1) requiring the {debtor} to make a cash payment or periodic cash payments to such entity, to the extent that the ….use…under

section 363….results in a decrease in the value of such entity's interest in such property;

(2)    providing such entity an additional roll over lien to the extent that such . .. use… results in a decrease in the value of such entity's interest in such property; or

(3)    granting such other relief..as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

18. Debtor intends to sell the three separate self-storage facilities and have marketed same for the last three to four months. It is estimated that upon the sale of these properties, HLIB will be paid in full its secured claim on these three parcels of real property.

19. In order to successfully restructure its affairs, Debtor must maximize the value of its assets and retain the going concern value of its business.

20. Debtor has no source of income other than from its collection of fees from its customers. If the Debtor is not permitted to use the proceeds from those sales, it will have to close down its operations forthwith without paying its employees. Debtor's ability to maintain business relationships with its vendors, suppliers and customers, to pay payroll and other direct operating expenses, and to otherwise finance its operations, is essential to the Debtor's continued viability. In the absence of the use of Cash Collateral, the continued operation of the Debtor's business would not be possible, and serious and irreparable harm to the Debtor and its estate would occur. These creditors would suffer in the event that the Debtor were to close its business because such a condition would further decrease the value of Debtor's business as a going concern. The preservation, maintenance and enhancement

of the going concern value of Debtor is of the utmost significance and importance to a successful reorganization of Debtor.

21. Debtor requests immediate entry of this Order because its ability to use Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtor and it is in the best interest of the Debtor's estate and its creditors as it will allow for the Debtor's continued operation of its business and will enhance the Debtor's prospects for successful reorganization.

22. Debtor's use of Cash Collateral shall be limited to, and expressly subject to, the budget attached hereto as Exhibit "A" (the "Budget") and made a part hereof. Notwithstanding the foregoing, these alleged secured creditors may, in his sole and absolute discretion, but shall not be required to, permit Debtor to use Cash Collateral in excess of those sums authorized in, and provided for pursuant to, the Budget, which permission must be set forth in writing. Debtor believes the expenses listed on the budget are reasonable and necessary business expenses which must be paid in order to continue the Debtor's business.

23. These alleged secured creditors shall be provided adequate protection for any diminution in the value of their interest in the Collateral resulting from (i) the use, sale or lease of the Cash Collateral pursuant to Code §363(c), and (ii) the imposition of the automatic stay pursuant to Code §362(a), as the Debtor shall pay all operating expenses as they become due in accordance with the Budget, including expenses that may become senior liens, thus impairing these alleged secured lender's security. As further additional adequate protection, Debtor shall provide these alleged secured lenders with rollover liens in the event the claims of these lenders is ultimately determined to be found secured and not voidable.

24. Under the circumstances, Debtor believes that the adequate protection provided herein is reasonable and sufficient to protect the interest of these alleged secured lenders. These alleged secured lenders are also adequately protected by the Collateral set forth on the UCC-1 financing statement.

25. The lien and security interest to be granted to these alleged secured lenders in the anticipated Cash Collateral Order should be granted priority and be subject only to any validly perfected liens which may remain senior to the lien and security interest granted to him in the Interim Order and the Final Order.

26. In filing the instant motion, Debtor is not admitting that any of these alleged secured lenders holds a valid, perfected or enforceable pre-petition lien and security interest in and to any of the Debtor's property, and Debtor does not waive the right to contest the validity, perfection or enforceability of their liens and security interests in and to any such property.

27. Finally, pursuant to Bankruptcy Rule 4001(b)(2), Debtor seeks a final hearing on this Application as soon as the Court's calendar will permit, but in no event earlier than fifteen (15) days from the date of filing of this motion and has chosen September 17, 2015.

## WAIVER OF NOTICE AND STAY REQUIREMENTS

28. To implement the foregoing successfully, the debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise.

## NOTICE

29.     Notice of the Motion will be given to (i) the Office of the United States Trustee for the Northern District of New York; (ii) counsel for HLIB, currently Barclay Damon, Franklin Heller, Esq. of counsel and (iii) all required governmental agencies (if any).  In light of the nature of the relief requested herein, the debtor submits that no further notice is required.

WHEREFORE, Debtor respectfully requests that the Court enter an Order:

(a) pending a final hearing on this matter, authorizing Debtor to use Cash Collateral in the amounts set forth in the Budget;

(b) scheduling a preliminary and final hearing concerning the Debtor's request to use Cash Collateral and provide adequate protection on or about September 17, 2015; and

(c) granting such other and further relief as the Court deems just and proper.

Dated: July 30, 2015                               MAXSEN D. CHAMPION, ESQ.

/s/Maxsen D. Champion, Esq.
By: Maxsen D. Champion, Esq.
Attorneys for Debtor
Bar Roll No.: 511638
2 South Street, Suite 312
Auburn, New York 13021
Tel No.: (315) 664-2550
Max2040@live.com